IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOUGLAS TRENT, JR., #54437                *

   Petitioner,                *

  v.                              *   CIVIL ACTION NO. GLR-16-3837

WARDEN,                                    *

   Respondent.                *
            *****

**MEMORANDUM OPINION**

  On November 30, 2016, Douglas Trent, a detainee at the Washington County Detention Center in Hagerstown, Maryland, filed a letter with the court challenging the legality of his confinement on charges of first-degree arson and related offenses. ECF No. 1. He seemingly alleges that there is insufficient evidence to support the charges, he does not have a violent background, and his bail is excessive. ECF No. 1, pp. 1–7.

  The Maryland Judiciary Case Search website confirms that on August 23, 2016, a charging document was filed accusing Trent of first- and second-degree arson, malicious burning, reckless endangerment, and the failure to comply with a peace order. See State v. Trent, Criminal Case No. 5V00095863 (District Court for Washington County).[1] He is currently awaiting trial on all charges.

  To the extent that Trent seeks federal court intervention as to his pending state criminal charges, his case will be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and dismissed. Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 53–54 (1971); Cinema Blue of Charlotte,

---

[1] Accessible at www.casesearch.courts.state.md.us/inquiry.

Inc., v. Gilchrist, 887 F.2d 49, 50–53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). The abstention doctrine of Younger establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Younger, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required only if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Brewsome v. Broward County Pub. Defenders, 304 Fed. Appx. 814, 816 (11th Cir. 2008) (per curiam).

Further, pre-trial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. See Dickerson v. Louisiana, 816 F.2d 220, 226–29 (5th Cir. 1987). While the phrase "special circumstances" lacks definition, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances is shown. Id.; see also Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. Moore, 515 F.2d at 449.

Trent has raised no special or exceptional circumstances for federal intervention into the Washington County criminal case. He may raise his constitutional claims in state court. A separate Order follows dismissing this case without prejudice.

When a district court dismisses a petition for habeas corpus solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Trent has not made the required showing and the Court declines to issue a Certificate of Appealability.

Entered this 19th day of December, 2016

/s/
_____
George L. Russell, III
United States District Judge